O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Nano-Second Technology Co., Ltd., a Taiwanese corporation,<br><br>          Plaintiff,<br><br>     vs.<br><br>Dynaflex International, a California corporation,<br><br>          Defendant. | CV 10-9176-RSWL (MANx)<br><br>**ORDER** Re: Plaintiff's Motion to Strike Defendant's Invalidity Contentions [25] |

 On August 24, 2011, Plaintiff Nano-Second Technology Co., Ltd.'s Motion to Strike Defendant's Invalidity Contentions [25] came on for regular calendar before the Court.  The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

 Plaintiff's Motion to Strike Defendant's Invalidity Contentions is **DENIED.**

1

1       Federal Rule of Civil Procedure 37(c) governs
2  sanctions for non-disclosure of discovery documents and
3  dictates that sanctions are not appropriate where a
4  non-disclosure is harmless.  Fed. R. Civ. P. 37(c).
5  The Court finds that a Motion to Strike is not
6  appropriate here.  Specifically, while Defendant
7  Dynaflex International's Invalidity Contentions were
8  not timely served, the delay was harmless and Plaintiff
9  Nano-Second Technology Co. Ltd. has failed to
10 establish, or even allege, that it suffered any
11 prejudice.  Therefore, the Court finds that Defendant's
12 Invalidity Contentions should not be stricken due to
13 the brief delay in service, which did not result in any
14 prejudice to Plaintiff.
15      In addition, the Patent Local Rules for the
16 Northern District of California are not binding on this
17 Court and do not require exclusion of Defendant's
18 Invalidity Contentions.  The Parties agreed to a
19 discovery schedule following the Patent Local Rules,
20 but Plaintiff fails to establish that this fact alone
21 requires this Court to adopt another district's local
22 rules.
23      Finally, even if the Patent Local Rules were
24 applied, the Court finds that they would still not
25 require the exclusion of Defendant's Invalidity
26 Contentions here.  Plaintiff argues that Defendant's
27 delay in serving its Invalidity Contentions created a
28 presumption that Plaintiff's patent would not be

1 challenged, and thus the untimely served Invalidity
2 Contentions constitute an amendment, which requires a
3 showing of good cause under Patent Local Rule 3-6.  The
4 Court finds that this argument is without merit.  A
5 mere four-court-day delay in service of Invalidity
6 Contentions does not create a presumption that the
7 patent at issue will not be challenged, especially
8 where a party is on notice that the opposing party
9 intends to do so, as was the case here.  Therefore,
10 Plaintiff fails to establish that the untimely served
11 Invalidity Contentions constitute an amendment and that
12 the good cause requirement of Patent Local Rule 3-6
13 applies here.
14     Accordingly, Plaintiff's Motion to Strike
15 Defendant's Invalidity Contentions is hereby **DENIED**.
16
17 **IT IS SO ORDERED.**
18 DATED: August 26, 2011
19
20              *RONALD S.W. LEW*
     _____
21   **HONORABLE RONALD S.W. LEW**
     Senior, U.S. District Court Judge