O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO-SECOND TECHNOLOGY CO., LTD., a Taiwanese Corporation<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DYNAFLEX INTERNATIONAL, a California Corporation<br><br>　　　　Defendant. | CV 10-9176 RSWL (MANx)<br><br>**ORDER Re: Plaintiff Nano-Second Technology Co., Ltd.'s Preliminary Injunction Motion Against Defendant Dynaflex International [18]** |

　　On September 14, 2011, Plaintiff Nano-Second Technology's ("Plaintiff") Motion for Preliminary Injunction Against Defendant Dynaflex International ("Defendant") [18] came on for regular calendar before this Court.  The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court **NOW FINDS AND RULES AS FOLLOWS:**

　　The Court hereby **DENIES** Plaintiff's Motion for Preliminary Injunction against Defendant Dynaflex International.

# I. LEGAL STANDARD

When a patentee sues an alleged infringer for patent infringement and moves under 35 U.S.C. § 283 for the extraordinary relief of a preliminary injunction, the patentee's entitlement to such an injunction is a matter largely within the discretion of the district court. Genetech, Inc. v. Novo Nordisk A/S, 108 F.3d 1361, 1364 (Fed. Cir. 1997). In assessing the merits of a patentee's request, trial courts consider the traditional equitable considerations for preliminary injunctions. eBay, Inc. v. MercExchange, LLC, 547 U.S. 388 (2006).

The traditional equitable criteria for granting preliminary injunctive relief require a plaintiff seeking a preliminary injunction to establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer an irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). These four factors "taken individually, are not dispositive, rather, the district court must weigh and measure each factor against the other factors and against the form and magnitude of the relief requested. Hybritech, Inc. v. Abbott Labs., 849 F.2d 1446, 1451 (Fed. Cir. 1988).

///

///

|    |    |
|----|----|
| 1  | **II. ANALYSIS** |
| 2  | **A. Evidentiary Objections** |
| 3  | As a preliminary matter, the Court evaluates |
| 4  | Evidentiary Objections submitted by both parties. |
| 5  | <u>1. Defendant's Evidentiary Objections</u> |
| 6  | First, the Court **SUSTAINS in part and OVERRULES in** |
| 7  | **part** Defendant's Evidentiary Objections pertaining to |
| 8  | portions of the Declaration of Pei Sung Chuang. The |
| 9  | Court: |
| 10 | - **OVERRULES** the Evidentiary Objection as to ¶ 20. |
| 11 | - **OVERRULES** the Evidentiary Objection as to the |
| 12 | statements in ¶21 regarding the sales of |
| 13 | Plaintiff's patented products in Europe; **SUSTAINS** |
| 14 | the Evidentiary Objection as to the statement in |
| 15 | ¶21 that "the annual sales of the patented products |
| 16 | made by infringer Dynaflex alone are estimated to |
| 17 | be $8 million USD" because it lacks foundation. |
| 18 | - **SUSTAINS** the Evidentiary Objection as to ¶22 |
| 19 | because the statements lack foundation. |
| 20 | - **OVERRULES** the Evidentiary Objection as to ¶25. |
| 21 | - **SUSTAINS** the Evidentiary Objection as to ¶26 |
| 22 | because the statements lack foundation. |
| 23 | - **OVERRULES** the Evidentiary Objection as to ¶¶ 30-32. |
| 24 | - **SUSTAINS** the Evidentiary Objection as to ¶33 |
| 25 | because the statements lack foundation. |
| 26 | - **OVERRULES** the Evidentiary Objection as to the |
| 27 | statements in ¶38 regarding the sales and marketing |
| 28 | efforts of Plaintiff as well as the statements |

pertaining to Defendant's distribution of Plaintiff's products in the U.S. market from 2000 to 2010; **SUSTAINS** the Evidentiary Objection as to the statement in ¶38 regarding Defendant's activities in registering the word "Powerball" with USPTO because the statement lacks foundation.

- **SUSTAINS** the Evidentiary Objection as to ¶39 because the statements lack foundation.
- **OVERRULES** the Evidentiary Objections as to ¶40.
- **SUSTAINS** the Evidentiary Objections as to ¶41 because the statements lack foundation.
- **SUSTAINS** the Evidentiary Objections as to ¶42 because the statements lack foundation.
- **OVERRULES** the Evidentiary Objections as to ¶43.
- **OVERRULES** the Evidentiary Objections as to ¶44.

Further, the Court **OVERRULES AS MOOT** Defendant's Evidentiary Objections pertaining to portions of the Declaration of Yun Lu. More specifically, the statements in ¶¶ 7-11 are not necessary to the Court's analysis, and Exhibit J, referred to in ¶13, has been withdrawn by Plaintiff.

2. Plaintiff's Evidentiary Objection

Plaintiff makes an Evidentiary Objection pertaining to the admissibility of Dr. Vijay Gupta Ph.D.'s expert report on the invalidity of Plaintiff's patent. The Court finds that this expert report, titled "Invalidity Declaration of Vijay Gupta Ph.D.," is unreliable pursuant to the standards set forth by the Supreme

Court in <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 589 (1993).

More specifically, the Court finds that the expert report is unreliable because it fails to contain any analysis on claim construction. <u>Smiths Indus. Med. Sys. v. Vital Signs, Inc.</u>, 183 F.3d 1347, 1354 (Fed. Cir. 1999)("It is well established that the first step in any validity analysis is to construe the claims of the invention to determine the subject matter for which patent protection is sought."). Accordingly, the Court **SUSTAINS** Plaintiff's evidentiary objection and does not consider the "Invalidity Declaration of Vijay Gupta Ph.D."

**B. Preliminary Injunction**

Plaintiff has sought a preliminary injunction to enjoin Defendant from selling two types of products: (1) products that have been manufactured by Plaintiff ("Plaintiff-manufactured products") and (2) certain products manufactured by Defendant ("Defendant-manufactured products").

The Court **DENIES** Plaintiff's Motion for Preliminary Injunction for both categories of products because the Court finds that the balance of the four traditional equitable factors weigh in favor of Defendant.

<u>1. Likelihood of Success on the Merits</u>

In order to satisfy the first equitable factor for preliminary injunction, the moving party must demonstrate that, "[the accused infringer's] product

infringes the [asserted] patent and that it will withstand [the accused infringer's] challenges to the validity and enforceability of the . . . patent." Sanofi-Synthelabo v. Apotex, Inc., 470 F.3d 1368, 1374 (Fed. Cir. 2006) (internal citations omitted). Applying this standard, the Court must (1) look at the validity of Plaintiff's patent and (2) examine whether Defendant's activities infringe on Plaintiff's patent.

First, the Court finds that Plaintiff's patent is valid for the purposes of analyzing the merits of Plaintiff's claims against Defendant.  Though the burden is generally on a movant to establish the merits of a claim in a preliminary injunction, if the alleged infringer responds to the preliminary injunction motion "by launching an attack on the validity of the patent [as Defendant has in this case], the **burden is on the challenger** to come forward with evidence of invalidity." Titan Tire Corp. v. Case New Holland, Inc., 566 F.3d 1372, 1377 (Fed. Cir. 2009) (emphasis added).  Here, the Court finds that Defendant has not come forward with sufficient evidence to raise substantial questions regarding the validity of Plaintiff's patent.  As such, the Court finds Plaintiff's patent valid for the purpose of this Motion.

Addressing the merits of Plaintiff's patent infringement claims, the Court finds that Plaintiff has met its burden for demonstrating a likelihood of

success on its claim against Defendant for selling Plaintiff-manufactured products.  For these products, Plaintiff has made a sufficient showing that Defendant violated 35 U.S.C. §271(b) by inducing infringement of Plaintiff's patent.  More specifically, Plaintiff has proffered evidence that Defendant sold unauthorized speedmeter accessories with Plaintiff's product and encouraged customers to equip Plaintiff-manufactured products with these speedmeters.

    The Court, however, finds that Plaintiff <u>has not</u> met its burden for showing a likelihood of success on the merits of its infringement claim against Defendant for selling Defendant-manufactured products.  Defendant has proffered evidence that Defendant does not manufacture any products "sold with a string/cord" or products containing "circumferential grooves or a driving hole."  Declaration of Floyd T. Smith ["Smith Decl."], ¶30; Infringement Declaration of Vijay Gupta Ph.D.[1] ("Gupta Infringement Decl.") ¶¶24, 35.  The Court finds that because Defendant-manufactured products must contain these features in order for Plaintiff to maintain a successful infringement claim[2], Defendant has

---

[1] This Gupta Infringement Decl. is different from the Gupta Invalidity Decl., which the Court finds inadmissible.

[2] The two independent claims on Plaintiff's patent (Claims 1 and 15), both require: "the rotor having an outer surface on which a <u>circumferential groove</u> is formed with a <u>driving hole</u> formed in the groove, <u>a</u>

7

raised a "substantial question" regarding infringement. Genetech, Inc. v. Novo Nordisk A/S, 108 F.3d 1361, 1364 (Fed. Cir. 1997)(holding that if the accused infringer raises a "substantial question concerning the . . . infringement, the preliminary injunction should not issue"). As such, the Court finds that Plaintiff cannot meet its burden regarding the likelihood of success on the merits of Plaintiff's infringement claim pertaining to Defendant-manufactured products.

2. Irreparable Harm

As a threshold issue, the Court finds that the burden remains on Plaintiff to show that it will suffer irreparable harm absent a preliminary injunction. Though the Federal Circuit has previously shifted the burden to defendants by finding a rebuttable presumption of irreparable harm in cases where a plaintiff could establish a likelihood of success on the merits, the Court finds that such a shift is now inappropriate in light of the Supreme Court's decision in eBay, Inc. v MercExchange, LLC, 547 U.S. 388 (2006). See Pefect 10, Inc. v. Google, Inc., 2011 WL 3320297, at *4 (9th Cir., Aug. 3, 2011) (holding that a presumption of irreparable harm "is clearly irreconcilable with the reasoning of the Court's decision in eBay and has therefore been effectively overruled"). As such, the Court finds that Plaintiff

---

flexible rope having a rigid end receivable in and engageable with the driving hole." (emphasis added)

8

has the burden of making an affirmative showing of irreparable harm in order to warrant a preliminary injunction.  Here, the Court finds that Plaintiff has not met its burden for demonstrating irreparable harm absent a preliminary injunction enjoining the sale of either Plaintiff-Manufactured goods or Defendant-Manufactured goods.

First, though Plaintiff has been able to show a likelihood of success on the merits for its claim regarding Plaintiff-Manufactured products, the Court finds that Plaintiff cannot meet its burden for demonstrating irreparable harm absent a preliminary injunction pertaining to these products.  Plaintiff primarily argues that it will suffer irreparable harm because Defendant's alleged infringement on these products will result in a permanent change in market conditions, leading to irreparable future loss of revenue, loss of market share, and price erosion.

The Court, however, finds Plaintiff's argument unpersuasive.  First, Plaintiff has not proffered any evidence to show how future loss of revenue and market share cannot be compensated with money damages.  <u>Abbott Labs. v. Andrx Pharms., Inc.</u>, 452 F.3d 1331, 1348 (Fed. Cir. 2006).  Second, as Defendant has been selling allegedly infringing products for over ten years, it is likely that any price erosion from Defendant's conduct has already happened.  Plaintiff has offered no evidence as to why an injunction is necessary or how an

9

injunction would ameliorate the alleged price erosion. As such, the Court finds that Plaintiff has not met its burden to show irreparable harm absent an injunction pertaining to Plaintiff-manufactured products.

Second, as to Defendant-manufactured products, Plaintiff does not offer any additional evidence in support of irreparable harm.  Therefore, per the above analysis, the Court finds that Plaintiff also cannot meet its burden to show why irreparable harm would occur absent a preliminary injunction on the sale of Defendant-manufactured products.

### 3. Balance of the Hardships

The Court finds that the balance of hardships weighs against the issuance of a preliminary injunction that would enjoin the sale of either Plaintiff-manufactured products or Defendant-manufactured products.

The Court finds that issuing a preliminary injunction against Defendant would effectively stop Defendant from operating its business given that the majority of Defendant's business stems from the sales of both Plaintiff-manufactured products and Defendant-manufactured products.  Plaintiff, on the other hand, has only been in the U.S. Market as an independent seller for close to a year.  As such, the Court finds that any effect that the alleged infringing activity may have on Plaintiff's business will be minimal in comparison to the loss of a major portion of

Defendant's business that has been built up over twenty years.  Accordingly, the Court finds that the balance of hardships weighs in favor of Defendant.

### 4. Public Interest

The Court finds that the public interest does weigh in favor of granting a preliminary injunction for enjoining the sale of Plaintiff-manufactured products. Plaintiff has shown a likelihood of success on the merits for its claim pertaining to these products and a preliminary injunction would support the public's faith in the patent system.  <u>Eli Lilly Co. v. Premo Pharmaceutical Labs</u>, 630 F.2d 120, 137 ("Congress has determined that it is better for the nation in the long-run to afford the invents of novel, useful, an non-obvious products short-term monopolies" through the patent system).

The Court finds that the public interest, however, does not support a granting of a preliminary injunction for enjoining the sale of Defendant-manufactured products.  The public interest in continued market competition for these products disfavors a preliminary injunction, especially in light of Plaintiff's small likelihood of success in proving infringement for these products.  <u>Illinois Tool, Inc. v. Grip-Pak, Inc.</u>, 906 F.2d 679, 684 (Fed. Cir. 1990)(finding that the public interest in the "continuing right to compete, which must be seen as legitimate in [the preliminary injunction] stage," disfavors preliminary injunction

when there is only a small likelihood of success in proving infringement at trial).

### IV. CONCLUSION

On balancing the four traditional factors, the Court finds that Plaintiff has not met its overall burden to support the issuance of a preliminary injunction to enjoin Defendant from selling either Plaintiff-manufactured products or Defendant-manufactured products.

For Plaintiff-manufactured products, although Plaintiff can show a likelihood of success on the merits and public interest favors a preliminary injunction, Plaintiff ultimately cannot show that it will suffer irreparable harm absent such an "extraordinary remedy." <u>Lermer Germany GmbH v. Lermer Corp.</u>, 94 F.3d 1575, 1577 (Fed. Cir. 1996).  Moreover, the balance of equities weigh in favor of Defendant. As such, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction as it pertains to the sale of Plaintiff-manufactured products. <u>Amazon.com, Inc v. Barnesandnoble.com, Inc.</u>, 239 F.3d 1343, 1350 (Fed. Cir. 2001)("[M]ovant cannot be granted a preliminary injunction unless it establishes both of the first two factors," which are the likelihood of success on the merits and irreparable harm).

For Defendant-manufactured products, all four factors point toward a denial of a preliminary injunction.  As such, the Court finds that a

preliminary injunction is not appropriate and **DENIES** Plaintiff's Motion for Preliminary Injunction to enjoin Defendant's sale of Defendant-manufactured products.

Accordingly, the Court **DENIES** Plaintiff's Motion for Preliminary Injunction in its entirety.

DATED: September 28, 2011

**IT IS SO ORDERED.**

*RONALD S.W. LEW*

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge