# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO-SECOND TECHNOLOGY CO., LTD., a Taiwanese corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>DYNAFLEX INTERNATIONAL, a California corporation,<br><br>          Defendant. | Case No. CV 10-9176 RSWL (MAN)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |
| And Related Counterclaims | |

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulation and [Proposed] Order Governing Use and Dissemination of Confidential Information filed on October 6, 2011 (collectively, the "Stipulation"), the terms of the protective order to which the parties have agreed are adopted as a

protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's omission of Paragraphs 1 and 2 of, and amendment of Paragraphs 5, 6, 20, 21, 23, and 34 of, and Exhibit A to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties apparently have endeavored, through the good cause statement set forth in their Stipulation, to make a prospective showing of good cause. The Court has stricken their good cause statement, because a specific showing of good cause or compelling reasons (see below) for filing under seal, **with proper evidentiary support and legal justification**, must be made with respect to each document or item designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or other designation(s) used by the parties, which a party seeks to have filed under seal. The parties mere designation of any information, document, or thing as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or other designation(s) used by the parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order. **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

///

# TERMS OF PROTECTIVE ORDER

## I. GOOD CAUSE STATEMENT

**[PARAGRAPHS 1 AND 2 OMITTED BY THE COURT]**

## II. INTRODUCTION

3. This Protective Order shall govern any document, information or other thing, which is designated as containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, as defined herein[1] and is furnished by any party or non-party in connection with the above-captioned action ("ACTION"). Documents and other information produced in this ACTION and designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL, " or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used only for purposes of this ACTION. The forms of information which may be subject to this Protective Order include, but are not limited to, documents and things, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, documents subpoenaed in connection with depositions, deposition testimony and exhibits, deposition transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof (hereinafter referred to collectively as "DISCOVERY MATERIALS").

4. All DISCOVERY MATERIALS produced in discovery in this case and designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL, " or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used solely for the purpose of pre-trial proceedings (including, but not limited to, motions and briefing), trial preparation and trial, and any appeals in the ACTION.

---

[1] For the purpose of this , "HIGHLY CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS' EYES ONLY" have the same meaning and effect and can be used interchangeably.

DISCOVERY MATERIALS shall not be used for any business or non-litigation related purpose whatsoever.

## III. DEFINITIONS

5. The following definitions apply in this Protective Order:

(A) The designation "CONFIDENTIAL" may be applied by any party or third party **to** any DISCOVERY MATERIALS pursuant to this ACTION that contain confidential material including, but not limited to: (a) information pertaining to a third party which the party has an express or implied obligation to keep confidential; (b) draft marketing and promotional materials that have not been publicly disclosed; (c) personnel information; and (d) all communications pertaining to the above named information, including both physical and electronic correspondence.

(B) Designation of confidentiality for any DISCOVERY MATERIALS made by a party to this ACTION shall be a certification to the Court and to the other parties that such information is believed to be Confidential within the meaning of this Protective Order. Information designated as "CONFIDENTIAL" in accordance with this provision shall be treated as Confidential Information pursuant to the terms hereof until it ceases to be covered by this Protective Order **pursuant to a further Court order or agreement of the parties.**

(C) The designation "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," may be applied by a party to highly sensitive forms of information, including, but not limited to: (a) past or current financial information of a party; (b) trade secrets as defined in Cal. Civ. Code § 3426.1(d) (which provides that the term "trade secret" "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) Derives

independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy"); and (c) draft patent applications, invention disclosures, and other information relating to the filing and preparation of patent applications; and/or (d) extremely sensitive "CONFIDENTIAL" information or items whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means. This designation shall be made as sparingly as possible and shall be a certification to the Court and the other parties that such information is believed **to be** subject to this more restrictive classification within the meaning of this Protective Order.

(D) "CONFIDENTIAL INFORMATION" refers to all information which is subject to the designations "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as described above.

(E) "PARTY" means every party to this ACTION and every director, officer, employee, and managing agent of every party to this ACTION.

(F) "ORDER" means this Protective Order.

(G) The scope of this ORDER shall be understood and interpreted to encompass not only those items or things **that** encompass CONFIDENTIAL INFORMATION, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as **deposition** testimony and oral conversation derived therefrom or related thereto.

(H) "PRODUCING PARTY" means a PARTY or non-party that produces Disclosure or DISCOVERY MATERIAL in this action.

(I) "RECEIVING PARTY" means a PARTY that receives Disclosure or DISCOVERY MATERIAL from a PRODUCING PARTY.

(J) "DESIGNATING PARTY" means a PARTY or non-party that designates information or items produced in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

## IV. DESIGNATION AND DISCLOSURE OF, ACCESS TO, HANDLING AND FILING OF, AND OTHER PROVISIONS RELATING TO DOCUMENTS, ITEMS, AND THINGS DESIGNATED AS CONFIDENTIAL INFORMATION

### A. Designation

6. The designation of CONFIDENTIAL INFORMATION shall be made in the following manner:

(A) For documents, as set out in Section **H** of this **ORDER**;

(B) For tangible objects, by placing a label or tag on the object or the container therefor or, if not practicable, as otherwise agreed;

(C) For written responses to interrogatories or requests for admissions, in writing, in the relevant responses or on the face of any such responses;

(D) For declarations or pleadings, in writing in the declaration or pleading or on the face of any such declaration or pleading;

(E) For depositions, as set out in Section **I** of this **ORDER**; and

(F) For other oral disclosures (other than deposition testimony), through confirmation in writing within ten (10) days of the disclosure.

7.  It shall be the duty of the party seeking protection of **the** CONFIDENTIAL INFORMATION to indicate to the other party and its attorney of record which of the materials and testimony are considered confidential.

### B. Inadvertent Production

8.  Each party retains the right to subsequently re-designate documents and to require such documents to be treated in **accordance** with such designations from that time forward.  An inadvertent or unintentional failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will not be construed as a waiver, in whole or in part, of:  (i) any PARTY'S claims of confidentiality either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior or subsequent to that date**;** or (ii) any Party's right to designate said material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this **ORDER**.  In the event of an inadvertent or unintentional failure to designate qualified information or items, the DESIGNATING PARTY shall promptly notify the RECEIVING PARTY that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  The DESIGNATING PARTY further shall provide the RECEIVING PARTY with substitute copies of the affected documents, marked with the appropriate confidentiality designation, at the expense of the DESIGNATING PARTY.

9.  Upon receiving notice of the confidentiality designation of previously-produced materials, the RECEIVING PARTY shall take reasonable steps to retrieve and destroy all undesignated copies of the materials, and shall treat the designated materials according to their confidentiality designation under this ORDER.  Prior to receiving notice of a change in designation by the DESIGNATING PARTY, however, the RECEIVING PARTY shall not be precluded from use of the information according to its then-existing designation,

unless the RECEIVING PARTY had a reasonable basis for believing, and did believe, that the previous designation is in error or mistaken.  No PARTY shall be deemed to be in violation of this ORDER with respect to the disclosure of any DISCOVERY MATERIAL to any other persons prior to the designation of that material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this ORDER.

10. Inadvertent or unintentional production of privileged or work product information will not be construed as a waiver, in whole or in part, of the privilege or the work product status of the information inadvertently or unintentionally disclosed.  In the event of an inadvertent or unintentional production of privileged or work product information, the PRODUCING PARTY shall promptly notify the RECEIVING PARTY that the information is privileged or is work product.  The PRODUCING PARTY further shall provide the RECEIVING PARTY with substitute copies of the affected documents in which the privileged or work product information has been redacted.

11. Upon receiving notice of the PRODUCING PARTY's claim of privilege or work product status of previously-produced information, the RECEIVING PARTY shall take reasonable steps to retrieve and destroy all un-redacted copies of the materials.

12. Nothing in this section shall affect the right of a party to challenge a confidentiality designation or a claim of privilege or work product through motion practice.

C. **Access to CONFIDENTIAL INFORMATION**

13. Access to information marked "CONFIDENTIAL" shall be limited to, and only to, the following persons:

(A) Outside attorneys of record to any party in connection with this ACTION, and, if the attorney of record is a member of a law firm, the

employees and staff of the law firm (collectively "OUTSIDE COUNSEL"), provided that before any such person is permitted access to any "CONFIDENTIAL" information, such person shall be informed of the existence and contents of this ORDER;

  (B) Organizations retained by OUTSIDE COUNSEL to provide litigation support services in this ACTION, including, but not limited to, court reporters, translators, third party photocopy or imaging services contractors, third-party contractors producing graphic or visual aids involved solely in providing litigation support services to OUTSIDE COUNSEL, and jury consultants, provided that, before any such person is permitted access to any of the CONFIDENTIAL **INFORMATION**, such person or a supervising individual in his or her organization shall have signed the "Non-Disclosure Agreement" (Exhibit A);

  (C) Independent outside experts and consultants retained in this ACTION by OUTSIDE COUNSEL or a PARTY, provided that any such actual or contemplated expert or consultant is not an employee of the parties hereto, and subject to the conditions and requirements, including in Section E, set forth in this ORDER;

  (D) The officers, directors, and employees (including In-House Counsel) of the RECEIVING PARTY to whom disclosure is reasonably necessary for this litigation and who have signed the "Non-Disclosure Agreement" (Exhibit A), subject to the conditions and requirements set forth herein;

  (E) The Court, its personnel, and any court reporters involved in taking or transcribing testimony in court in this ACTION;

  (F) Such other persons as hereafter may be designated by written agreement of the PARTIES in this ACTION or by order of the Court;

  (G) Any mediator who is engaged to assist the PARTIES in settlement negotiations on a confidential basis;

  (H) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Non-Disclosure Agreement" (Exhibit A); and

  (I) The author of the document or the original source of the information, or persons to whom the document or copies thereof were addressed or delivered.

  **D.** **Access to "HIGHLY CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information**

  14. Access to information marked "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to the persons identified in Paragraphs 13 (A), (B), (C), (E), (F), (G) and (I) above.

  **E.** **Notification of Identities of Outside Experts and Consultants**

  15. In connection with outside experts and consultants falling under paragraph 13(C) above, each party shall disclose in writing to the other party, the identity and curriculum vitae of each outside expert or consultant. Such curriculum vitae shall identify all current and former employers and/or consulting engagements of the independent expert or consultant within ten (10) years prior to the date of such disclosure.

  16. If a party objects, in good faith, to an identified expert or consultant, the party shall make its objections known in writing within seven (7) days of receiving notification. The written objection shall also serve as the request for conference under Central District of California L.R. 37-1. After receipt of the objection, the party proposing the expert shall confer with the objecting party within seven (7) days in a manner that satisfies its obligation under L.R. 37-1. If, after good faith negotiations, agreement on the independent expert or consultant

PROTECTIVE ORDER

cannot be reached, the objecting party, as the moving party, shall have seven (7) days after the conference referred to above to complete its portion of the joint stipulation and to submit the same to counsel for opposing party in the manner described in L.R. 37-2.2.  The parties shall then complete the joint stipulation as described in L.R. 37-2.2, and the objecting party, as the moving party, shall file the joint stipulation no later than the day after it receives the signature of the counsel for opposing party on the joint stipulation.  In such a case, no disclosure of CONFIDENTIAL INFORMATION of the objecting party shall be made to the expert or consultant until the Court has ruled on the objecting party's motion for relief, and then only in accordance with the Court's ruling.  The party or person wishing to disclose objecting party's "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "**HIGHLY** CONFIDENTIAL-ATTORNEYS' EYES ONLY" information to the outside expert or consultant shall have the burden of showing the disclosure would be proper and consistent with **this ORDER**.  If a party fails to make its objections known or fails to seek relief from the Court as described in this section, its objection to an expert shall be deemed waived, and CONFIDENTIAL INFORMATION may be disclosed to the expert or consultant subject to the provisions of this **ORDER.**  However, in no event shall a disclosure of potential experts or consultants be deemed a waiver of any privilege or immunity.

     **F.**    <u>**Disclosure of CONFIDETIAL INFORMATION to Outside Experts and Consultants**</u>

     17.    Documents designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be shown to outside experts or consultants, together with their clerical personnel, who are retained by a party in connection with the preparation for trial or trial in this ACTION, provided that**,** before disclosure to any such expert or

consultant, the person to whom such information is to be disclosed shall have signed the "Non-Disclosure Agreement" (Exhibit A).  The agreement of the expert or consultant to be bound by Exhibit A shall be considered to apply to his or her clerical personnel, and those personnel need not separately execute the non-disclosure agreement.

18. Drafts of any reports provided by such expert or consultant, as well as communications between and among the expert or consultant, other experts or consultants retained by the party, the attorneys for the party retaining the experts or consultants, and the retaining party are not discoverable except to the extent that the communications**:**  (1) relate to compensation for the expert**'s** or consultant's study or testimony; (2) identify facts or data that the expert or consultant considered in forming the opinions to be expressed; or (3) identify assumptions that the expert or consultant relied upon in forming the opinions to be expressed.

19. The foregoing notwithstanding, any such expert or consultant who is an employee of a party or a competitor of any of the parties shall not be shown or otherwise given access to documents or information designated as "HIGHLY CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

G. **Request for Additional Disclosure**

20. If any counsel of record desires to communicate to any person apart from those permitted under Paragraphs 13 to 17 any information designated as "CONFIDENTIAL," **"HIGHLY CONFIDENTIAL,"** or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that counsel of record shall first obtain the written consent of the designating party through such party's counsel of record or obtain leave of Court **for such communication**.  Each person to whom the CONFIDENTIAL INFORMATION is to be given, shown, made available**,** or communicated **pursuant to this paragraph** must execute a written

confidentiality agreement in the form attached hereto as Exhibit A.  Only after all of the foregoing conditions have been fully satisfied may the CONFIDENTIAL INFORMATION be communicated to any person other than those permitted under Paragraphs 13 to 17.

### H. Manner of Designating Documents

21. A party shall designate documents containing **CONFIDENTIAL INFORMATION** by placing a legend in plain view on each page of any document **or thing** that party wishes to protect against disclosure or use.  This legend shall state "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate.  All documents and things shall be marked prior to the provision of a physical copy thereof to the other party.

### I. Manner of Designating Depositions

22. In the case of a deposition, counsel for such party may, at the commencement of such deposition, temporarily designate the entire deposition as "CONFIDENTIAL," provided, however, that where such an initial designation has been made, the designating party, within fifteen (15) days after receipt of the transcript, shall mark**,** as provided in this ORDER**,** those pages of the transcript as such party shall then deem **to be** confidential, (the confidential designation of all remaining pages being rescinded after such period), and shall notify the other party in writing which pages are deemed CONFIDENTIAL INFORMATION.  In the event that such notice is not sent within said fifteen (15) days of the receipt of the transcript, no portion of the deposition shall thereafter be confidential unless the designating party thereafter notifies the other party that the failure to timely designate occurred by oversight.

PROTECTIVE ORDER

**J.** **Filing Documents With The Court**

23. All information designated as CONFIDENTIAL INFORMATION which is filed or lodged with the court, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be accompanied by an application to file the information, pleading, or memorandum or the portion thereof constituting or containing the CONFIDENTIAL INFORMATION material under seal in accordance with Local Rule 79-5.1 and directed to the Judge or to whom the papers are directed.  The CONFIDENTIAL INFORMATION shall be filed or lodged in sealed containers on which shall be recorded the title to this action, the general nature of the contents, the words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "**HIGHLY** CONFIDENTIAL – ATTORNEYS' EYES ONLY." **. . .** Material found by the Court to **warrant filing under seal will** be maintained under seal and shall not be made available for public review pursuant to Local Rule 79-5.

**K.** **No Effect On Party's Own Use**

24. Nothing contained in this **ORDER** shall affect the right of a party to disclose or to use any of its own CONFIDENTIAL INFORMATION as it desires.

**L.** **No Effect On Disclosure to Author or Addressees**

25. Nothing contained in this **ORDER** shall affect the right of a party to disclose any CONFIDENTIAL INFORMATION to the author or addressees of any document containing such information.

**M.** **No Applicability to Public Information**

26. The restrictions on dissemination of CONFIDENTIAL INFORMATION shall not apply to**:**  (i) persons in possession or knowledge of such information prior to disclosure hereunder who, absent this **ORDER**, is under no restriction regarding its dissemination, but only with respect to the CONFIDENTIAL INFORMATION already in his or her possession or knowledge**;**

or (ii) information which is public knowledge or which after disclosure, becomes public knowledge other than through an act or omission of a party receiving the CONFIDENTIAL INFORMATION.

### N. Legal Effect of Designations

27. The designation by a party of any document, material, or information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is intended solely to facilitate discovery in this ACTION. This **ORDER** shall not prejudice the right of any party to bring before the Court a motion, in compliance with Local Rules 37-1 and 37-2, seeking a declaration that information produced by the other party has been wrongfully designated as CONFIDENTIAL INFORMATION and should not be subject to the terms of this ORDER. A party bringing such motion shall have the burden of proving that the information designated as CONFIDENTIAL INFORMATION is in the public domain or was in possession of the receiving party prior to its disclosure through discovery in this action, or is otherwise not appropriately designated as CONFIDENTIAL INFORMATION.

### O. Unauthorized Disclosure of CONFIDENTIAL INFORMATION

28. If a RECEIVING PARTY learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL INFORMATION to any person or in any circumstance not authorized under this **ORDER**, the RECEIVING PARTY must immediately: (a) notify in writing the DESIGNATING PARTY of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the CONFIDENTIAL INFORMATION; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this **ORDER;** and (d) request such person or persons to execute the "Non-Disclosure Agreement" (Exhibit A).

### P. Final Disposition of Action

29. Within sixty (60) days after the final disposition of this ACTION, including appeals, each counsel of record shall: (a) promptly return to counsel of record for the DESIGNATING PARTY all CONFIDENTIAL INFORMATION and all copies made thereof which are not in custody of the Court; or (b) promptly destroy or see to the destruction of all writings related thereto, and certify to the designating party that such destruction has been done. As an exception to the above, counsel of record may retain a single file copy of any pleading, document filed with the Court, written discovery response, expert report, transcript of any deposition or trial testimony, together with all exhibits thereto, legal memorandum, correspondence, or attorney work product, even if such material contains CONFIDENTIAL INFORMATION. The copy of these retained documents shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and counsel of record shall immediately notify opposing counsel of record of any attempt by third parties to inspect and/or copy said documents.

### Q. Survival of Terms

30. Absent written modification hereof by the PARTIES hereto or further order of the Court, the provisions of this **ORDER** that restrict the disclosure and use of CONFIDENTIAL INFORMATION shall survive the final disposition of this ACTION and continue to be binding on all persons subject to the terms of this ORDER.

### R. Violation of ORDER

31. In the event anyone shall violate or threaten to violate any term of this ORDER, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this ORDER and, in the event the aggrieved party shall do so, the respondent person subject to the provisions of this ORDER shall not employ as

PROTECTIVE ORDER

a defense thereto the claim that the aggrieved party possesses an adequate remedy of law.  The parties and any other person subject to the terms of this ORDER agree that this Court has jurisdiction over such person or party for the purpose of enforcing this ORDER.  In the event that any CONFIDENTIAL INFORMATION is disclosed by a receiving party in violation of this **ORDER**, the CONFIDENTIAL INFORMATION shall not lose its status through such disclosure, and the parties shall take all steps reasonably required to assure its continued confidentiality.

### S. Subpoena in Another Action

32. Nothing in this **ORDER** shall be construed as authorizing a party to disobey a lawful subpoena issued in another action. Any PARTY, having received CONFIDENTIAL INFORMATION that receives a subpoena or other compulsory process seeking the production of all or some of those materials, shall promptly, and before producing such materials, notify in writing:

(A) The requesting party, court, or administrative agency of this ORDER; and

(B) Counsel for the DESIGNATING PARTY of the receipt of such compulsory process and provide counsel for the DESIGNATING PARTY with copies of that process.

### T. Right to Assert Other Objections.

33. By **having stipulated** to the entry of this ORDER, no PARTY waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this ORDER.  Similarly, no PARTY waives any right to object on any ground to use in evidence of any of the material covered by this ORDER.  Nothing herein affects, in any way, the admissibility of any document, testimony, or other evidence at trial or restricts the use of information obtained from investigations, interviews, or other sources other

PROTECTIVE ORDER

than via the discovery process, motion practice, or voluntary disclosure of information by any PARTY conducted under the terms of this ORDER.

34. The Court will determine, in its sole discretion, how documents designated as **"CONFIDENTIAL," "HIGHLY CONFIDENTIAL," and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** will be treated during the trial of this action. The PARTIES agree to request, prior to trial, that the Court make an appropriate order to maintain the confidentiality of CONFIDENTIAL INFORMATION to the extent practicable.

**IT IS SO ORDERED.**

DATED: October 31, 2011

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# <u>NON-DISCLOSURE AGREEMENT</u>

I, _____, declare under penalty of perjury that:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

   I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order ("ORDER") in the matter of *Nano-Second Technology Co., Ltd., Plaintiff, v. Dynaflex International*, United States District Court, Central District of California, Civil Action No. CV 10-9176 RSWL (MAN), that I will not use or disclose to anyone any of the contents of any CONFIDENTIAL INFORMATION received under the protection of the ORDER except as permitted by the ORDER, and agree to be bound by the terms and conditions of the ORDER.

   I understand that I am to retain all copies of any of the materials that I receive which have been so designated as CONFIDENTIAL INFORMATION in a container, cabinet, drawer, room, or other safe place, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the ORDER. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the ORDER.

Dated: _____     Signed: _____

_____
(print name)

PROTECTIVE ORDER