O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO-SECOND TECHNOLOGY CO., LTD., a Taiwanese Corporation<br><br>    Plaintiff,<br><br>  v.<br><br>DYNAFLEX INTERNATIONAL, a California Corporation., and GFORCE Corp. d/b/a DFX SPORTS & FITNESS, a Nevada Corporation<br><br>    Defendants. | CV 10-9176 RSWL (MANx)<br><br>**ORDER Re: Defendants' Motion for Leave to Add One Piece of Prior Art to Their Preliminary Invalidity Contentions [103]** |

On May 18, 2012, Defendants Dynaflex International and GForce Corporation's ("Defendants") Motion for Leave to Add One Piece of Prior Art to Their Preliminary Invalidity Contentions came on for regular calendar before the Court [103]. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court hereby **DENIES** Defendants' Motion for

1

Leave to Add One Piece of Prior Art to Their Preliminary Invalidity Contentions.

## I. BACKGROUND

This Motion stems from a patent infringement case. Plaintiff alleges that Defendant Dynaflex International and Defendant GForce Corporation d/b/a DFX Sports & Fitness ("Defendants") have sold and continue to sell products that infringe on Plaintiff's patent, which is United States Patent No. 5,800,311 ("'311 Patent").

On May 3, 2011, the parties submitted a joint Rule 26(f) report and proposed schedule [13].  In this report, the parties stipulated to follow the Patent Local Rules of the Northern District of California, which the Court has chosen to apply for the purposes of this Motion.  On May 10, 2011, the Court conducted a Rule 16 Scheduling Conference, adopting most of the parties' proposed schedule [14].

In the proposed schedule, the Parties agreed to exchange Preliminary Invalidity Contentions and Disclosures on July 8, 2011.  Plaintiff served its own Invalidity Contentions on Defendant Dynaflex on that date, but Defendant Dynaflex failed to serve Plaintiff until July 14, 2011.  Defendant Dynaflex's counsel was in trial in San Diego at that time and stated in his declaration that the late service was due to mere inadvertence on his part.  On July 27, 2011, Plaintiff filed a Motion to Strike Defendant's Invalidity Contentions [25].  On August 24, 2011, the Court denied

Plaintiff's Motion to Strike despite the late service of the Invalidity Contentions [32].

## II. ANALYSIS

Under Patent Local Rule 3-6 of the Northern District of California ("Patent Local Rules"), a plaintiff may amend its invalidity contentions upon a timely showing of good cause. The good cause inquiry considers (1) whether plaintiff was diligent in amending its contentions, and (2) the prejudice to the non-moving party. See 02 Micro Int'l Ltd. v. Monolithic Power Sys., 467 F.3d 1355, 1366-68 (Fed. Cir. 2006).

Regarding the first prong of the good cause inquiry, the Court finds that Defendants cannot meet their burden to establish their diligence in seeking to amend their Preliminary Invalidity Contentions. Defendants have had in their possession a copy of the '311 Patent since the filing of the Complaint on November 30, 2010, and the language of the '311 Patent is clear that FIG. 5 is a depiction of prior art. More specifically, FIG. 5 is referenced in the body of the '311 Patent twice, and in both these references, the '311 Patent inventor explicitly calls FIG. 5 "prior art." In the "background of the invention," under the heading "related arts," the '311 Patent gives a description of a "conventional wrist exerciser" and directs the reader to "FIG. 5" for an illustration of the "prior art." '311 Patent, Col. 1:14-49. On the

same page, under the "Brief description of the Drawings," the inventor states that "FIG. 5 is a perspective view showing a **prior art wrist exerciser**." (emphasis added).  Thus, due to the consistency of references to FIG. 5 as prior art in the '311 Patent, the Court finds that Defendants should have at least known that FIG. 5 was a representation of prior art when Defendants reviewed the '311 Patent for the purpose of serving its initial Preliminary Invalidity Contentions.

   Defendants argue that their failure to amend sooner was the result of Plaintiff's own mislabeling of FIG. 5 in the '311 Patent.  The Court, however, finds Defendants' argument unpersuasive.  Defendants cite to the USPTO's Manual of Patent Examining Procedure as evidence that all drawings that depict prior art must be labeled as prior art.  Though it is true that FIG. 5 is not separately labeled as prior art on the same page on which it appears, the Court finds that pursuant to the above analysis that the '311 Patent is nonetheless unequivocal in referring to FIG. 5 as prior art.

   In addition, in addressing the second prong of the good cause inquiry, the Court finds that Plaintiff will be prejudiced by allowing the requested amendment. Though expert reports are now not due until June 29, 2012, Plaintiff has stated that it prepared its claim construction briefing based in part on Defendants' original invalidity contentions.  The Court finds that

allowing the proposed amendment now in light of Defendants' lack of diligence in seeking amendment "would undercut one of the purpose of the patent local rules to provide the parties with certainty as to the opposing party's legal theories." <u>Apple, Inc. v. Samsung Electronics Co. Ltd.</u>, 2012 WL 1067548, at *7 (N.D. Cal. Mar. 27, 2012) (citing <u>02 Micro</u>, 467 F.3d at 1363).

In sum, in applying the Northern District Local Rules, the Court finds that good cause to amend does not exist because Defendants were not diligent in amending their contentions and an amendment would be prejudicial to Plaintiff.

### III. CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** Defendants' Motion for Leave to Add One Piece of Prior Art to Their Preliminary Invalidity Contentions.

**IT IS SO ORDERED.**

DATED: June 6, 2012

*RONALD S.W. LEW*

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge