O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO-SECOND TECHNOLOGY CO., LTD., a Taiwanese Corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>DYNAFLEX INTERNATIONAL, a California Corporation., and GFORCE Corp. d/b/a DFX SPORTS & FITNESS, a Nevada Corporation<br><br>    Defendants. | CV 10-9176 RSWL (MANx)<br><br>**Statement of Uncontroverted Facts and Conclusions of Law Re: Defendants' Motion for Summary Judgment of Non-Infringement of Plaintiff's Patent [113]** |

After consideration of the papers and arguments in support of and in opposition to Defendants Dynaflex International and GForce Corporation's ("Defendants") Motion for Summary Judgment of Non-Infringement of Plaintiff Nano-Second Technology Co.'s ("Plaintiff") Patent [113], this Court makes the following findings of fact and conclusions of law.

///

///

1

**UNCONTROVERTED FACTS**

1. Defendant Dynaflex International, Inc. ("Dynaflex) is a California Corporation, recently purchased by Defendant GForce, a Nevada Corporation, that imports and markets several lines of gyroscopic wrist exercisers ("wrist exercisers"). Smith-Matele Decl. ¶ 3.

2. Plaintiff is a Taiwanese corporation that sells wrist exercisers abroad and in the United States. Plaintiff owns United States Patent No. 5,800,311 ("'311 Patent"). First Amended Compl. ¶ 49; Alberstadt Decl. ¶ 2.

3. Some of the wrist exercisers that Defendants sell were either purchased from Plaintiff or from Plaintiff's distributors. Smith-Matele Decl. ¶¶ 2,3, Ex. 1.

4. The A4, Dynaflex Lighted Ball ("A4") and A5, Dynaflex Pro Plus ("A5") are authentic products made by Plaintiff that Defendants purchased directly from either Plaintiff or Plaintiff's distributors. Alberstadt Decl. Ex. 5; Smith Matele Decl. ¶ 5, Ex. 1.

5. A November 8, 2009 invoice shows that Defendants ordered 3,840 A5 products in bulk from Plaintiff. Smith Matele Decl. ¶ 5, Ex. 1.

**CONCLUSIONS OF LAW**

1. The doctrine of patent exhaustion provides that "the initial authorized sale of a patented item terminates all patent rights to that item." Quanta

Computer, Inc. v. LG Elecs., Inc., 553 U.S. 617, 625 (2008).

2. A patent owner is foreclosed from suing a defendant for infringement based on the defendant's use or sale of a product purchased from the patent owner. Id. at 630.

3. Pursuant to the doctrine of patent exhaustion, Defendants are not liable for patent infringement for the resale of A4 and A5.

**IT IS SO ORDERED.**

DATED: July 23, 2012

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**

Senior, U.S. District Court Judge

3