1

2

3

4

5

6

7

8                **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11  NANO-SECOND TECHNOLOGY CO., )   CV 10-9176 RSWL (MANx)
    LTD., a Taiwanese          )
12  Corporation                )
                               )   **ORDER Re: Defendants'**
13                             )   **Motion for Partial**
                 Plaintiff,    )   **Summary Judgment of Tort**
14                             )   **Claims, § 292(A) False**
        v.                     )   **Marking Claim, and To**
15                             )   **Limit Patent Damages**
                               )   **Period [235]**
16  DYNAFLEX INTERNATIONAL,    )
    a California Corporation.,  )
17  and GFORCE Corp. d/b/a DFX  )
    SPORTS & FITNESS, a Nevada  )
18  Corporation                )
                               )
19  _____ Defendants. )

20       On April 30, 2013, Defendants Dynaflex

21  International and GForce Corporation's ("Defendants")

22  Motion for Partial Summary Judgment of Tort Claims, §

23  292(A) False Marking Claim, and To Limit Patent Damages

24  Period [235] came on for regular calendar before the

25  Court.  The Court having reviewed all papers submitted

26  pertaining to this Motion and having considered all

27  arguments presented to the Court, **NOW FINDS AND RULES**

28  **AS FOLLOWS:**

                             1

The Court hereby **GRANTS in Part** and **DENIES in Part** Defendants' Motion for Partial Summary Judgment.

## I. BACKGROUND

This Motion stems from a patent infringement case. Plaintiff Nano-Second Technology Co. ("Plaintiff") alleges that Defendant Dynaflex International and Defendant GForce Corporation d/b/a DFX Sports & Fitness ("Defendants") have sold and continue to sell products that infringe on Plaintiff's patent, which is United States Patent No. 5,800,311 ("'311 Patent"). In addition to the patent infringement claim, Plaintiff has alleged claims for (1) False Marking Against Dynaflex; (2) Unfair Competition Against All Defendants; (3) Intentional Interference with Prospective Economic Advantage Against Dynaflex; (4) Negligent Interference with Prospective Economic Advantage Against Dynaflex; and (5) Breach of Contract Against Dynaflex.

Plaintiff alleges that Defendants have infringed upon its '311 Patent by selling, importing, making, offering, or using wrist exercisers ("Accused Products") that fall within the scope of the claims of the '311 Patent. First Amended Complaint ("FAC") ¶ 12. Further, Plaintiff alleges that these unpatented Accused Products and their packaging are marked with the patent number of the '311 Patent without Plaintiff's consent. Id. ¶¶ 21, 41. Plaintiff claims that in addition to falsely marking their Accused

Products and infringing Plaintiff's patent, Defendants have contacted Plaintiff's potential and existing customers misrepresenting that they own the '311 Patent.  Id. ¶ 25.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  A genuine issue is one in which the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party."  Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (2007).

Once the moving party makes this showing, the non-moving party must set forth facts showing that a genuine issue of disputed material fact remains.  Celotex, 477 U.S. at 322.  The non-moving party is required by Federal Rule of Civil Procedure 56(e)[1] to go

_____

[1] The Federal Rules of Civil Procedure were amended on December 1, 2010. Federal Rule of Civil Procedure

beyond the pleadings and designate specific facts showing a genuine issue for trial exists.  Id. at 324.

### III. ANALYSIS

Defendants seek partial summary judgment as to Plaintiff's (1) second cause of action, false marking under 35 U.S.C. § 292(a); (2) third cause of action, unfair competition; and (3) fourth and fifth causes of action, intentional and negligent interference with prospective economic advantage.  Defendants also assert that the Court should find that Plaintiff is limited to claiming damages for patent infringement occurring after September 10, 2010.

1. **Plaintiff's False Marking Claims -**
   **GRANT IN PART AND DENY IN PART**

In Plaintiff's second cause of action, Plaintiff asserts that Defendants marked its goods with the number of the '311 Patent without permission, and thus is liable under 35 U.S.C. § 292.  Plaintiff's FAC seeks an order fining Dynaflex in an amount of $500 per falsely marked article according to 35 U.S.C. § 292(a)-(b) or "an alternative amount the Court deems equitable and just."

The False Marking Statute as amended in September 2011, by the Leahy-Smith America Invents Act ("AIA"), provides in relevant part that:

_____

56(e) has now been codified as Federal Rule of Civil Procedure 56(c).

4

(a) Whoever, without the consent of the patentee, marks upon, or affixes to, or uses in advertising in connection with anything made, used, offered for sale, or sold by such person within the United States, or imported by the person into the United States, **the name or any imitation of the name of the patentee, the patent number, or the words "patent," "patentee**," or the like, **with the intent of** counterfeiting or imitating the mark of the patentee, or of **deceiving the public and inducing them to believe that the thing was made, offered for sale, sold, or imported into the United States by or with the consent of the patentee**; or

Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, **the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public . . .** [s]hall be fined not more than $500 for every such offense. **Only the United States may sue for the penalty authorized by this subsection.** (b) A person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury.

35 U.S.C. § 292 (emphasis added).  Congress made the amendments to Section 292 retroactive on pending cases. Leahy-Smith America Invents Act, Pub.L. No. 112-29, § 16(b)(4), 125 Stat. 329 (2011); <u>Cyclone USA, Inc. v. Sei Kim</u>, 461 F. App'x 638, 639 (9th Cir. 2011).

The Court **GRANTS** Defendants' Motion as to Plaintiff's request for remedies under Section 292(a), because the remedy in Section 292(a) is reserved exclusively for the United States.

However, the Court **DENIES** the remainder of the Motion addressing Plaintiff's false marking claim, which also seeks remedies under Section 292(b).  It appears that Plaintiff's FAC was filed before the amendments to Section 292 took effect, and thus requested the $500 per offense penalty that it now cannot recover.  However, it is clear from the FAC that Plaintiff is seeking whatever remedies are available to it under 35 U.S.C. § 292.  The FAC also fairly alleges the requirements of false marking and competitive injury: Plaintiff alleges that Defendants marked their unpatented goods with the '311 Patent with the intent to deceive and mislead the public.  FAC ¶¶ 41, 43. Based on this activity, Plaintiff suffered competitive injury under Section 292(b) because Defendants impeded competition in the market and unjustly gained a substantial share of the wrist exerciser market, in which Plaintiff competes, as a result of their false marking activities.  <u>Id.</u> ¶ 42.  Defendants did not

1  move for summary judgment as to Plaintiff's claims

2  under Section 292(b).  Thus their request to dismiss

3  Plaintiff's entire false marking claim is **DENIED**.

4  **2.  Plaintiff's Intentional and Negligent Interference**

5  **with Prospective Economic Disadvantage Claims -**

6  **DENY**

7  Defendants argue that Plaintiff's claims for

8  intentional and negligent interference with prospective

9  economic disadvantage are barred by the statute of

10 limitations.

11 The statute of limitations for tortious

12 interference with prospective economic advantage is two

13 years.  Knoell v. Petrovich, 76 Cal.App.4th 164, 168

14 (1999) (referring to Cal. Code Civ. Proc. § 339(1)).

15 The statute of limitations is an affirmative defense,

16 and Defendants bear the burden of proving that the

17 statute of limitations applies.  Ladd v. Warner Bros.

18 Entm't, Inc., 184 Cal.App.4th 1298, 1309 (2010).  A

19 cause of action accrues at "the time when the cause of

20 action is complete with all of its elements." Norgart

21 v. Upjohn Co., 21 Cal.4th 383, 397 (1999).  An

22 important exception to this rule of accrual, however,

23 is the "discovery rule," which postpones accrual until

24 the plaintiff discovers, or has reason to discover, the

25 facts underlying the cause of action.  Id.

26 This Action was filed on November 30, 2010 [1].

27 Thus, the relevant date for the statute of limitations

28 analysis is November 30, 2008.  Here, the Court finds

7

1  that there is a genuine dispute as to when Plaintiff

2  discovered the facts underlying the tortious

3  interference claims.  Of particular note is an **undated**

4  cease and desist letter from Tom Smith, President of

5  Dynaflex, sent to Louis J. Stack of Fitter

6  International, claiming that Dynaflex International has

7  an "exclusive" license over the '311 Patent covering

8  the lighted and counter mechanisms disclosed in the

9  Patent.  <u>See</u> Docket 19, Decl. of Pei Sung Chuang, Ex.

10  B.  Neither party has offered any evidence as to the

11  date of this letter or when Plaintiff became aware of

12  this letter.  Therefore, the Court **DENIES** Defendants'

13  Motion as to this issue.

14      The Court observes that Plaintiff's Opposition

15  appears to be asserting that Defendants' tortious

16  actions are continuing.  Although not clearly

17  articulated in its Opposition, Plaintiff appears to be

18  invoking the theory of continuous accrual, which if

19  applicable would toll the statute of limitations.

20  However, the theory of continuous accrual does not toll

21  the statute of limitations for tortious interference

22  claims, and should not be invoked in this Action.  <u>See</u>

23  <u>DC Comics v. Pacific Pictures Corp.</u>, 2013 WL 1389969,

24  at *7 (C.D. Cal. April 4, 2013).

25  **3.  <u>Plaintiff's Unfair Competition Claim</u> - GRANT IN**

26      **PART, DENY IN PART**

27      Plaintiff's unfair competition claim is based on

28  Dynaflex's alleged acts of patent infringement, false

marking, and misrepresenting the ownership of the '311 Patent.   Defendants seek to dismiss Plaintiff's unfair competition claim, arguing that it is just a recasting of Plaintiff's other claims, which are either already covered by federal law or barred by the statute of limitations.

California's unfair competition law prohibits "any unlawful, unfair or fraudulent business act or practice." <u>Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal.4th 163, 180 (1999).   "By proscribing 'any unlawful' business practice, section 17200 'borrows' violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."   <u>Id.</u> (citation omitted); <u>Farmers Ins. Exch. v. Superior Court</u>, 2 Cal.4th 377, 383 (1992).

"Federal patent law limits the states' ability to regulate unfair competition. . . . [A] state law is preempted when it enters a field of regulation which the patent laws have reserved to Congress. . . ." <u>Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys., Inc.</u>, 7 F.3d 1434, 1439 (9th Cir. 1993).   In a preemption analysis, a court must analyze whether the state law claim contains an element not shared by the federal law that changes the nature of the action "so that it is qualitatively different from [a patent] claim."   <u>Id.</u> at 1439-40 (citing <u>Balboa Ins. Co. v. Trans Global Equities</u>, 218 Cal.App.3d 1327, 1340 (1990); <u>Del Madera</u>

1   <u>Props. v. Rhodes & Gardner</u>, Inc., 820 F.2d 973, 977

2   (9th Cir. 1987)).  "[P]reemption law . . . requires

3   analysis of each theory [of unfair competition] to

4   determine whether it contains the necessary

5   qualitatively different extra element distinguishing it

6   from [patent] protection."  <u>Id.</u>

7       First, the Court rejects Defendants' contention

8   that Plaintiff's unfair competition claim should be

9   dismissed because allegedly the statute of limitations

10  applicable to Plaintiff's tortious interference claims

11  also bars Plaintiff's unfair competition claim.  As

12  discussed above, Defendants argue that Plaintiff cannot

13  bring its tortious interference claims because they are

14  barred by the statute of limitations.  According to

15  Defendants, because the same facts used to support

16  Plaintiff's tortious interference claims are also proof

17  of Plaintiff's unfair competition claims, Plaintiff's

18  unfair competition is also barred.  Defendants cite to

19  no authority supporting this contention.  Defendants

20  rely upon <u>Cel-Tech Commc'ns, Inc. v. Los Angeles</u>

21  <u>Cellular Telephone</u>, 20 Cal.4th 163 (1999), but the case

22  does not hold that the statue of limitations of a claim

23  covering the same facts as the unfair competition claim

24  also applies to the unfair competition claim.  Rather,

25  the case stands for the proposition that if another

26  statute permits certain conduct, thus limiting the

27  judiciary's power to declare that conduct unfair, a

28  plaintiff cannot assert an unfair competition action

based on that conduct.  20 Cal.4th at 182.  Even if the
Court assumed that Defendants' theory is correct, there
is a genuine dispute of fact with respect to whether
the tortious interference claims are even time-barred,
as discussed above.

The statute of limitations for an unfair
competition claim is four years.  Cal. Bus. & Prof.
Code § 17208.  The California Supreme Court has held
that a plaintiff's unfair competition cause of action
is governed by the four-year statute of limitations,
even though the unfair competition claim is based on
similar facts as another statutory violation with a
shorter statute of limitations.  <u>Cortez v. Purolator
Air Filtration Prods. Co.</u>, 23 Cal.4th 163, 179 (2000).
"That is because Business and Professions Code section
17208 states that *any action* to enforce *any cause* of
action under the [unfair competition law] chapter shall
be commenced within four years after the cause of
action accrued."  <u>In re Vaccine Cases</u>, 134 Cal. App.
4th 438, 458 (2005).  Thus, Plaintiff's unfair
competition claim based on Defendants' conduct of
misrepresenting the ownership of the '311 Patent
remains, and Defendants' Motion is **DENIED** as to this
issue.

Second, the Court finds that the unfair competition
claim is preempted where it is based on the same
conduct that gives rise to a Section 292 false marking
claim or patent infringement claim.  Plaintiff has not

alleged or shown that there is an additional element that distinguishes the unfair competition claim from its patent claims.  <u>See</u>, <u>e.g.</u>, <u>Champion Labs., Inc. v. Parker-Hannifin Corp.</u>, No. 1:10-CV 02371 OWW-DLB, 2011 WL 1883832, at *12 (E.D. Cal. May 17, 2011)(finding preemption where allegation of unfair competition is based entirely on the allegation of false marking). The Court **GRANTS** Defendants' Motion on this issue.

For the foregoing reasons, the Court **GRANTS IN PART AND DENY IN PART** Defendants' Motion as to the unfair competition claim.

**4.  <u>The Period of Damages Available To Plaintiff For Its Patent Infringement Claims</u> - GRANT**

Defendants assert that Plaintiff cannot seek damages for patent infringement that occurred before September 10, 2010, because Plaintiff did not have legal title to the '311 Patent before that date.  The Court agrees.

"The general rule is that one seeking to recover money damages for infringement of a United States patent . . . must have held the legal title to the patent during the time of the infringement." <u>Arachnid, Inc. v. Merit Indus.</u>, Inc., 939 F.2d 1574, 1579 (Fed. Cir. 1991).  A party may sue for infringement occurring before it obtained legal title if a written assignment *expressly* grants the party a right to do so.  <u>Id.</u> at 1579 n.7. (citing, *inter alia*, <u>Moore v. Marsh</u>, 74 U.S. (7 Wall.) 515 (1868) ("It is a great mistake to suppose

1   that the assignment of a patent carries with it a

2   transfer of the right to damages for an infringement

3   committed before such assignment.") (emphasis added);

4   see also Abraxis Bioscience, Inc. v. Navinta LLC, 625

5   F.3d 1359, 1367 (Fed. Cir. 2010).

6       To create an assignment, a contract must transfer:

7   (1) the entire exclusive patent right, (2) an undivided

8   interest in the patent right, or (3) the entire

9   exclusive right within any geographical region of the

10  Minco, Inc. v. Combustion Engineering, Inc., 95 F.3d

11  1109, 1117 (Fed. Cir. 1996).  In construing patent

12  assignments, courts apply ordinary principles of state

13  contract law.  Id.

14      On September 10, 2010, Pei-Sung Chuang ("Chuang"),

15  the inventor of the '311 Patent, assigned the '311

16  Patent to Plaintiff.  The assignment states, in

17  relevant part,

18          [Chuang has] sold, assigned, transferred, and .

19          . . unto [Nano-Second Technology Co., Ltd.],

20          its successors or assigns, the entire right,

21          title and interest for all countries in and to

22          all inventions and improvements disclosed in

23          the ['311 Patent] . . . .

24          [Chuang] will testify in all legal proceedings

25          and generally do all things which may be

26          necessary or desirable more effectually to

27          secure to and vest in [Plaintiff] the entire

28          right, title and interest in and to the

13

1          improvements, inventions, applications . . .

2          hereby sold.

3  Schwartz Decl. Ex. 8 (emphasis added).  The assignment

4  is unambiguous and clearly transfers all interest in

5  the '311 Patent to Plaintiff.  However, the assignment

6  is completely silent as to whether Plaintiff acquired a

7  right to sue for infringement that occurred prior to

8  the date of the assignment, in this case September 10,

9  2010.  Absent any explicit language conveying such

10 right, the Court finds that Plaintiff lacks standing to

11 sue for infringement of the '311 Patent occurring

12 before September 10, 2010.

13     Although Plaintiff claims that Chuang subjectively

14 intended to convey rights to Plaintiff to sue for past

15 infringement, Plaintiff points to no language in the

16 contract supporting such intent.  Under California law,

17 the goal of contract interpretation is "to give effect

18 to the mutual intent of the parties."  In re Imperial

19 Credit Indus., Inc., 527 F.3d 959, 966 (9th Cir. 2008).

20 This standard, however, is an objective one and does

21 not depend on the parties' subjective intents.

22 Cedars-Sinai Med. Ctr. v. Shewry, 137 Cal.App.4th 964,

23 980 (2006) ("California recognizes the objective theory

24 of contracts, under which it is the objective intent,

25 as evidenced by the words of the contract, rather than

26 the subjective intent of one of the parties, that

27 controls interpretation.") (internal quotations and

28 citations omitted).

Plaintiff further contends that because Chuang agreed to testify in all legal proceedings in the assignment, he must have intended to allow Plaintiff to sue for past infringement.  However, the contractual language makes clear that the basic purpose for his agreeing to testify is *to effectuate the rights granted in the assignment*, which are not retroactive.  The language cannot be reasonably interpreted in the manner that Plaintiff suggests.

Therefore, the Court **GRANTS** Defendants' Motion to limit the period of damages available to Plaintiff.

### III. CONCLUSION

For the foregoing reasons, the Court

- **DENIES** the Motion as to the tortious interference claims;

- **GRANTS IN PART AND DENIES IN PART** the Motion as to the Unfair Competition Claim;

- **GRANTS IN PART AND DENIES IN PART** the Motion as to the Section 292(b) claim; and,

- **GRANTS** as to limiting the damages period for the patent infringement claim.

**IT IS SO ORDERED.**

DATED: May 1, 2013

RONALD S.W. LEW

**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge