UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO-SECOND TECHNOLOGY CO., LTD., a Taiwanese Corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>DYNAFLEX INTERNATIONAL, a California Corporation., and GFORCE Corp. d/b/a DFX SPORTS & FITNESS, a Nevada Corporation,<br><br>  Defendants. | CV 10-9176 RSWL (MANx)<br><br>**Statement of Uncontroverted Facts and Conclusions of Law Re: Defendants' Motion for Partial Summary Judgment of Tort Claims, § 292(A) False Marking Claim, and To Limit Patent Damages Period [235]** |

After consideration of the papers and arguments in support of and in opposition to Defendants Dynaflex International and GForce Corporation's ("Defendants") Motion for Partial Summary Judgment of Tort Claims, § 292(A) False Marking Claim, and To Limit Patent Damages Period [235], this Court makes the following findings of fact and conclusions of law.

///

///

1

**UNCONTROVERTED FACTS**

1. U.S. Patent No. 5,800,311 ("'311 patent"), entitled "Wrist Exerciser," issued on September 1, 1998 to Pei-Sung Chuang ("Chuang"). Defendants' Statement of Uncontroverted Facts and Conclusions of Law ("SUF") ¶ 8.

2. Based upon an executed assignment dated September 10, 2010, Chuang assigned the '311 Patent to Plaintiff. <u>Id.</u> ¶ 9.

3. The assignment states, in relevant part,

> [Chuang has] sold, assigned, transferred, and . . . unto [Nano-Second Technology Co., Ltd.], its successors or assigns, <u>the entire right, title and interest</u> for all countries in and to all inventions and improvements disclosed in the ['311 Patent] . . . .
> [Chuang] will testify in all legal proceedings and generally do all things which may be necessary or desirable more effectually to secure to and vest in [Plaintiff] the entire right, title and interest in and to the improvements, inventions, applications . . . hereby sold.

<u>Id.</u>

**CONCLUSIONS OF LAW**

1. "The general rule is that one seeking to recover money damages for infringement of a United States patent . . . must have held the legal title to

the patent during the time of the infringement." <u>Arachnid, Inc. v. Merit Indus.</u>, Inc., 939 F.2d 1574, 1579 (Fed. Cir. 1991).  A party may sue for infringement occurring before it obtained legal title if a written assignment *expressly* grants the party a right to do so.  <u>Id.</u> at 1579 n.7. (citing, *inter alia*, <u>Moore v. Marsh</u>, 74 U.S. (7 Wall.) 515 (1868) ("It is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to damages for an infringement committed before such assignment.") (emphasis added); <u>see also</u> <u>Abraxis Bioscience, Inc. v. Navinta LLC</u>, 625 F.3d 1359, 1367 (Fed. Cir. 2010).

    2.   Plaintiff did not obtain legal title to the '311 Patent until September 10, 2010, and thus cannot claim damages for patent infringement that occurred prior to that date.  Plaintiff's assignment from Chuang did not grant Plaintiff the right to sue for infringement occurring before September 10, 2010.

**IT IS SO ORDERED.**

DATED: May 1, 2013

                              RONALD S.W. LEW
                        -------------------------------
                        **HONORABLE RONALD S.W. LEW**
                        Senior, U.S. District Court Judge