UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO-SECOND TECHNOLOGY CO., LTD., a Taiwanese Corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DYNAFLEX INTERNATIONAL, a California Corporation., and GFORCE Corp. d/b/a DFX SPORTS & FITNESS, a Nevada Corporation,<br><br>　　　　　Defendants. | CV 10-9176 RSWL (MANx)<br><br>**Statement of Uncontroverted Facts and Conclusions of Law Re: Defendants' Motion for Partial Summary Judgment of Invalidity [230]** |

After consideration of the papers and arguments in support of and in opposition to Defendants Dynaflex International and GForce Corporation's ("Defendants") Motion for Partial Summary Judgment of Invalidity [230], this Court makes the following findings of fact and conclusions of law.

///

///

1

**UNCONTROVERTED FACTS**

1. U.S. Patent No. 5,800,311 ("'311 patent"), entitled "Wrist Exerciser," filed on December 3, 1997, and issued on September 1, 1998 to Pei-Sung Chuang. Defendants' Statement of Uncontroverted Facts and Conclusions of Law ("SUF") ¶ 1.

2. U.S. Patent No. 5,353,655 ("the '655 Patent") issued on October 11, 1994, and discloses a wrist exerciser with visual and audio devices, such as counters and light emitting diodes, energized by magnets and coils. SUF ¶¶ 18-24.

3. U.S. Patent No. 3,726,146 ("the Mishler '146 Patent") issued on April 10, 1973, and discloses a hand-held gyroscopic device comprising of a shaft having a hole that can receive string, which can be wrapped around the shaft. SUF ¶¶ 25-28.

4. U.S. Patent No. 3,945,146 ("the Brown '146 Patent") issued on March 23, 1976. SUF ¶¶ 29-33.

5. U.S. Patent No. 4,150,580 ("the '580 Patent") issued on April 24, 1979 and discloses a gyroscopic exerciser consisting of a rotor with partition plates. SUF ¶¶ 34-38.

6. U.S. Patent No. D365,612 ("the '612 Patent") issued on December 26, 1995, and discloses a gyroscopic exerciser with multiple partition plates. SUF ¶¶ 39-41.

///

**CONCLUSIONS OF LAW**

1. A party seeking to establish that patent claims are invalid must overcome the statutory presumption of validity set forth in 35 U.S.C. § 282 by clear and convincing evidence. <u>Impax Labs., Inc. v. Aventis Pharms., Inc.</u>, 545 F.3d 1312, 1314 (Fed. Cir. 2008).

2. A patent is invalid for obviousness under 35 U.S.C. § 103 "if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." <u>Takeda Chem. Indus. v. Alphapharm Pty., Ltd.</u>, 492 F.3d 1350, 1355 (Fed. Cir. 2007).

3. Obviousness analysis is "objective":
> Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background the obviousness or nonobviousness of the subject matter is determined. Such secondary considerations as commercial success, long felt but unsolved needs, failure of others, etc., might be utilized to give light to the circumstances surrounding the origin of the subject matter sought to be patented.

<u>KSR Int'l Co. v. Teleflex Inc.</u>, 550 U.S. 398, 406

(2007) (quoting Graham v. John Deere Co. of Kansas City, 383 U.S. 1 (1966), and stating that the Graham factors still control).

    2.   Claims 1-5, 7, 9-12, 15, and 17 ("asserted claims") of the '311 Patent are invalid as obvious.

**IT IS SO ORDERED.**

DATED: May 10, 2013

RONALD S.W. LEW
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge