UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO-SECOND TECHNOLOGY CO., LTD., a Taiwanese Corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>DYNAFLEX INTERNATIONAL, a California Corporation., and GFORCE Corp. d/b/a DFX SPORTS & FITNESS, a Nevada Corporation,<br><br>          Defendants. | CV 10-9176 RSWL (MANx)<br><br>**ORDER Re: Defendants' Motion for Reconsideration of Denial of Summary Judgment of Non-Infringement as to Accused Product A6 [229]** |

Currently before the Court is Defendants Dynaflex International and GForce Corporation's ("Defendants") Motion for Reconsideration of Denial of Summary Judgment of Non-Infringement as to Accused Product A6 [229]. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court **DENIES** the Motion as **MOOT.**

1

This is a patent infringement case where Defendants are alleged to have sold gyroscopic wrist exercisers that infringe on Plaintiff Nano-Second Technology Co.'s ("Plaintiff") patent, U.S. Patent No. 5,800,311 ("'311 patent"), issued on September 1, 1998.

Plaintiff listed nine products ("accused products") in its Infringement Contentions that allegedly infringe on the '311 Patent [66-1]. One of these nine accused products is identified as A6, Dynagrip Pro Xtreme Gyro Exerciser ("A6"). Plaintiff asserted in its Infringement Contentions that A6 indirectly infringes on independent claim 15 and dependent claim 17 of the '311 Patent. In general, Claim 15 discloses a wrist exerciser comprising a spherical casing, a spherical rotor with a circumferential groove containing a driving hole, a flexible rope with a rigid end that winds around the circumferential groove, and a counter able to count the rotations of the rotor. Claim 17 depends on Claim 15 and further discloses a counter with a proximity detector actuateable by a magnet fixed in the groove of the rotor.

Earlier in the Action, on May 15, 2012, Defendants filed a Motion for Summary Judgment of Non-Infringement of Plaintiff's Patent [113], which the Court granted in part and denied in part. Of particular relevance to Defendants' present Motion for Reconsideration, the Court denied the summary judgment motion as to the A6 accused product, stating that there were genuine issues

of material fact as to whether it infringed Plaintiff's '311 patent [146].

On March 27, 2013, Defendants filed the present Motion for Reconsideration of Denial of Summary Judgment of Non-Infringement as to Accused Product A6 [229]. The same day, Defendants filed a Motion for Partial Summary Judgment of Invalidity [230]. Both motions were taken under submission [269].

As discussed in the accompanying order on Defendants' Motion for Partial Summary Judgment of Invalidity [230], the asserted claims against A6 – independent claim 15 and dependent claim 17 – are invalid. Specifically, the Court finds that Claim 15 and Claim 17 are obvious in light U.S. Patent No. 5,353,655 ("the '655 Patent"); U.S. Patent No. 3,726,146 ("the Mishler '146 Patent"); and U.S. Patent No. 3,945,146 ("the Brown '146 Patent"). As more fully discussed in the order, the '655 Patent discloses a wrist exerciser containing a ring, a rotor, and a counter. The Mishler '146 and Brown '146 Patents disclose the use of a string to impart rotation on the rotor. The Court finds that an ordinarily skilled artisan would have combined these references to arrive at asserted claims of the '311 Patent.

Invalidity of any claim in suit is a defense to patent infringement. 35 U.S.C. § 282. See Typeright Keyboard Corp. v. Microsoft Corp., 374 F.3d 1151, 1157 (Fed. Cir. 2004) ("a judgment of invalidity necessarily

3

1  moots the issue of infringement"); see also Sandt
2  Tech., Ltd. v. Resco Metal and Plastics Corp., 264 F.3d
3  1344, 1356 (Fed. Cir. 2001) (holding where asserted
4  claims were invalid, no judgment of liability could be
5  entered); Avago Techs. Gen. IP PTE Ltd. v. Elan
6  Microelecs. Corp., Case No. 04-05385 JW, 2008 WL
7  3842924, at * 12 (N.D. Cal. Aug 14, 2008).  Thus, the
8  Court finds that Defendants' Motion for Reconsideration
9  is **MOOT**.

12 **IT IS SO ORDERED.**
13 DATED: May 10, 2013

*RONALD S.W. LEW*

_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge