1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  NANO-SECOND TECHNOLOGY CO., )   CV 10-9176 RSWL (MANx)
    LTD., a Taiwanese            )
12  Corporation,                 )
                                 )   **ORDER Re: Defendants'**
13                               )   **Motion for Imposition of**
                    Plaintiff,   )   **Sanctions Pursuant to**
14                               )   **Federal Rule of Civil**
         v.                      )   **Procedure 11 [232]**
15                               )
    DYNAFLEX INTERNATIONAL,       )
16  a California Corporation.,   )
    and GFORCE Corp. d/b/a DFX   )
17  SPORTS & FITNESS, a Nevada   )
    Corporation,                 )
18                               )
                    Defendants.  )
19  _____ )

20       Currently before the Court is Defendants Dynaflex

21  International and GForce Corporation's ("Defendants")

22  Motion for Imposition of Sanctions Pursuant to Federal

23  Rule of Civil Procedure 11 [232].  The Court having

24  reviewed all papers submitted pertaining to this Motion

25  and having considered all arguments presented to the

26  Court, **NOW FINDS AND RULES AS FOLLOWS:**

27       The Court **DENIES** the Motion.

28       This is a patent infringement case where Defendants

                                    1

1  are alleged to have sold gyroscopic wrist exercisers
2  that infringe on Plaintiff Nano-Second Technology Co.'s
3  ("Plaintiff") patent, U.S. Patent No. 5,800,311 ("'311
4  patent"), issued on September 1, 1998.

5      Plaintiff listed nine products ("accused products")
6  in its Infringement Contentions that allegedly infringe
7  on the '311 Patent [66-1].  One of these nine accused
8  products is identified as A6, Dynagrip Pro Xtreme Gyro
9  Exerciser ("A6").  Plaintiff asserted in its
10 Infringement Contentions that A6 infringes on
11 independent claim 15 and dependent claim 17 of the '311
12 Patent.  In general, Claim 15 discloses a wrist
13 exerciser comprising a spherical casing, a spherical
14 rotor with a circumferential groove containing a
15 driving hole, a flexible rope with a rigid end that
16 winds around the circumferential groove, and a counter
17 able to count the rotations of the rotor.  Claim 17
18 depends on Claim 15 and further discloses a counter
19 with a proximity detector actuateable by a magnet fixed
20 in the groove of the rotor.

21     Earlier in the Action, on May 15, 2012, Defendants
22 filed a Motion for Summary Judgment of Non-Infringement
23 of Plaintiff's Patent [113], which the Court granted in
24 part and denied in part.  Of particular relevance to
25 Defendants' present Motion for Sanctions, the Court
26 denied the summary judgment motion as to the A6 accused
27 product, stating that there were genuine issues of
28 material fact as to whether it infringed Plaintiff's

2

1  '311 patent [146].

2       On March 27, 2013, Defendants filed the present

3  Motion for Sanctions Pursuant to Federal Rule of Civil

4  Procedure 11 [232], which was set for hearing on May 9,

5  2013, and taken under submission on May 3, 2013 [269].

6  On April 10, 2013, Defendants filed an Ex Parte

7  Application to Strike Plaintiff Nano-Second's

8  Declaration of Chi On Chui ("Ex Parte Application")

9  [246], which was filed concurrently with Defendants'

10  Reply for the present Motion for Sanctions.  Plaintiff

11  did not file an opposition.  The Court issued a minute

12  order deeming the Ex Parte Application to be part of

13  the Reply [251].

14       Federal Rule of Civil Procedure 11 provides that

15  every pleading, motion, or other paper presented to the

16  court must be signed by an attorney, or the party if

17  not represented by an attorney.  Fed. R. Civ. P. 11(a).

18  The signature certifies that the pleading, motion, or

19  other paper is: 1) warranted by existing law or by a

20  nonfrivolous argument for the extension, modification,

21  or reversal of existing law or the establishment of new

22  law; or 2) supported by evidence or, if specifically so

23  identified, are likely to have evidentiary support

24  after a reasonable opportunity for further

25  investigation or discovery.  Fed. R. Civ. P. 11(b)(2)

26  and (3).

27       The test imposed by Rule 11 is an objective one.

28  Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th

Cir. 1986).  The certification requirements of Rule 11
are violated "if the paper filed . . . is frivolous,
legally unreasonable, or without factual foundation,
even though . . . not filed in subjective bad faith."
Id.  Rule 11 "must be read in light of concerns that it
will . . . chill vigorous advocacy."  Cooter & Gell v.
Hartmarx Corp., 496 U.S. 384, 393 (1990).  "If, judged
by an objective standard, a reasonable basis for the
position exists in both law and in fact at the time the
position is adopted, then sanctions should not be
imposed."  Golden Eagle Distributing Corp. v. Burroughs
Corp., 801 F.2d 1531, 1538 (9th Cir. 1986).  The
decision to impose a sanction is within the discretion
of the court.  Fed. R. Civ. P. 11(c).

Defendants assert that no factual basis exists for
Plaintiff's patent infringement claim as to the A6
Product because this product does not include a counter
or magnet for actuating a counter.  Further, Defendants
contend that Plaintiff misrepresented the features of
the A6 Product in its Infringement Contentions.

On balance, the Court **DENIES** the instant Motion for
Sanctions and finds that Defendants' request for Rule
11 sanctions is unwarranted.

First, the Court finds that there is insufficient
evidence before the Court showing that Plaintiff
intentionally misrepresented the A6 Product in its
Infringement Contentions.  At the time Plaintiff filed
its Infringement Contentions, the alleged A6 Product

4

contained a number of the limitations of Claims 15 and
17.  Previously, the Court found that because
Defendants separately sold counters attachable to the
A6 Product, there was a possibility that A6 indirectly
infringes on the '311 Patent.  It is unclear why the A6
was originally believed to have a magnet, when now the
Parties have discovered that the A6 does not contain a
magnet.  Without more evidence demonstrating that
Plaintiff intentionally misled the Court, the Court
declines to sanction Plaintiff.

Second, the Court finds that Plaintiff's arguments
regarding the Accused Product A6 are not entirely
baseless.  Plaintiff previously observed that
Defendants have separately sold counters that
potentially attach to the A6.  The Parties appear to
dispute whether these counters would be able to "count"
the rotations of the rotor, which is a limitation of
Claim 15.  Although Defendants contend that Plaintiff's
corporate designee "admitted" broadly that certain
wrist exercisers not containing magnets could not be
used with counters, Plaintiff's corporate designee
actually said, in the context examining another wrist
exerciser marked Exhibit 47, which was not the A6
Product, that *Exhibit 47* was not designed for use with
a counter.  That statement does not appear to have any
bearing as to whether A6 can work with a counter.  As
to Claim 17, Plaintiff appears to dispute Defendants'
claim that they do not manufacture A6 with a magnet,

1  which is not unreasonable given that at least some of

2  Defendants' products are manufactured with a magnet.

3     Thus, the Court declines to award sanctions under

4  these circumstances.  The Court also **OVERRULES**

5  Defendants' objections to Dr. Chui's declaration, which

6  are the subject of Defendants' Ex Parte Application, as

7  **MOOT** because the analysis above does not rely upon his

8  testimony.

9

10 **IT IS SO ORDERED.**

11 DATED: May 10, 2013

12                           RONALD S.W. LEW
   _____
13                    **HONORABLE RONALD S.W. LEW**
                      Senior, U.S. District Court Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28