# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANO-SECOND TECHNOLOGY CO., LTD., a Taiwanese Corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>DYNAFLEX INTERNATIONAL, a California Corporation., and GFORCE Corp. d/b/a DFX SPORTS & FITNESS, a Nevada Corporation,<br><br>            Defendants. | CV 10-9176 RSWL (MANx)<br><br>**ORDER Re: Defendants' Motion for Partial Summary Judgment of Non-Infringement [231]** |

Currently before the Court is Defendants Dynaflex International and GForce Corporation's ("Defendants") Motion for Partial Summary Judgment of Non-Infringement [231]. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

The Court **DENIES** the Motion as **MOOT.**

This is a patent infringement case where Defendants

1

are alleged to have sold gyroscopic wrist exercisers that infringe on Plaintiff Nano-Second Technology Co.'s ("Plaintiff") patent, U.S. Patent No. 5,800,311 ("'311 patent"), issued on September 1, 1998.

Defendants move for partial summary judgment on the grounds that none of their "Current Products" infringe upon Plaintiff's '311 Patent. Defendants do not address the Accused Products that Plaintiff identified as A1-A9 in its Infringement Contentions [66-1]. Defendants claim that they focus on their "Current Products" because allegedly there are "chain of custody issues" with the A1-A9 Accused Products.

Defendants' "Current Products" were marked as Exhibits 43-49 during the December 12, 2012, deposition of Pei-Sung Chuang, Plaintiff's corporate designee under Federal Rule of Civil Procedure 30(b)(6):

1. Dynaflex Pro Sports Gyro Exerciser (Schwartz Decl., ¶ 11, Ex. 5-4, Marked As Exhibit 43) ("43");
2. Powerball Lighted Gyro Exerciser (Id., Marked As Exhibits 44-45) ("44-45")
3. Sports Pro Gyro Exerciser (Id., Marked As Exhibit 46) ("46")
4. Dynagrip Pro Xtreme Gyro Exerciser (Id., Marked As Exhibit 47) ("47")
5. Platinum Sports Powerball (Id., Marked As Exhibit 48) ("48")
6. Dynaflex Sports Pro Gyro Exerciser (Id.,

2

Marked As Exhibit 49)("49")

Defendants also discuss in their Motion two products identified in Plaintiff's expert report by Dr. Chui On Chu: (1) a "Dynaflex Platinum Powerball" and a (2) "Dynaflex Pro Gyro Exerciser", which Defendants contend is an imitation product that they do not sell or manufacture.

Defendants assert that the A1-A9 products are "not the same products as [44 through 49]. Thus, any attempt by [Plaintiff] to conflate the 'A1-A9' products with [44-49] should be rejected out of hand. While the 'A1-A9' may resemble [44-49] in some ways, it cannot be disputed that these groups of products are in fact very different from one another in some significant respects." See Defendant Dynaflex International's Ex Parte Application to Strike Declaration of Plaintiff Nano-Second's Declaration of Chi On Chui, Ph.D. and Supplemental Expert Report of Dr. Chi On Chui Regarding Infringement of U.S. Patent No. 5,800,311 Filed in Support of Plaintiff's Opposition To Defendants' Motion for Partial Summary Judgment of Non-Infringement ("Ex Parte Application") [263].

The Court **DENIES** Defendants' Motion as **MOOT**. The "Current Products" discussed in Defendants' Motion are outside the scope of Plaintiff's Infringement Contentions and thus are not at issue in this Action. Both Parties assert as much in their papers. Further, the "Dynaflex Platinum Powerball" and "Dynaflex Pro

Gyro Exerciser" are also outside the scope of the A1-A9 Accused Products. Plaintiff has not sought to amend its Infringement Contentions to add any of these products as accused products. Accordingly, Defendants' Ex Parte Application [263] is also **MOOT.**

Further, as discussed in the accompanying order on Defendants' Motion for Partial Summary Judgment of Invalidity [230], the asserted claims of the '311 are invalid. Invalidity of any claim in suit is a defense to patent infringement. 35 U.S.C. § 282; see Typeright Keyboard Corp. v. Microsoft Corp., 374 F.3d 1151, 1157 (Fed. Cir. 2004) ("a judgment of invalidity necessarily moots the issue of infringement"); see also Sandt Tech., Ltd. v. Resco Metal and Plastics Corp., 264 F.3d 1344, 1356 (Fed. Cir. 2001) (holding where asserted claims were invalid, no judgment of liability could be entered); Avago Techs. Gen. IP PTE Ltd. v. Elan Microelecs. Corp., Case No. 04-05385 JW, 2008 WL 3842924, at * 12 (N.D. Cal. Aug 14, 2008). For this additional reason, this instant Motion for Partial Summary Judgment of Non-Infringement is **MOOT.**

**IT IS SO ORDERED.**
DATED: May 10, 2013

*RONALD S.W. LEW*
_____
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge